IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____-CV-_____

CHRISTOPHER TODMAN,

    Plaintiff,

vs.

PENSKE LOGISTICS LLC and PENSKE
TRUCK LEASING CO. L.P.,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW Defendants Penske Logistics LLC ("Penske") and Penske Truck Leasing Co., L.P. ("PTL") (collectively "Defendants"), by and through their attorneys, and respectfully show to this Court the following:

1. Defendants desire to exercise their rights under the provisions of 28 U.S.C. § 1441 to remove this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, which case is now pending in that court under the name <u>Christopher Todman v. Penske Logistics LLC and Penske Truck Leasing Co., L.P.</u>, docketed as Case No. CACE-19-009303, Division 03.

2. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that a federal question arising under the laws of the United States is presented on the face of Plaintiff Christopher Todman's ("Plaintiff") Complaint, as follows:

    a. In Paragraph 1 of the Complaint, Plaintiff alleged that this action is premised on "Defendants' violation of the Family and Medical Leave Act ('FMLA')."

  b. In Paragraph 2 of the Complaint, Plaintiff alleged that he "is a covered employee for purposes of the FMLA."

  c. In Paragraph 6 of the Complaint, Plaintiff alleged that "Defendants were 'persons' and/or an 'employers' [sic] pursuant to the Family and Medical Leave Act of 1993."

  d. Count I of the Complaint asserted a claim for "Interference with Rights under the FMLA Against Penske Logistics LLC."

  e. Count II of the Complaint asserted a claim for "Retaliation under the FMLA Against Penske Logistics LLC."

  f. Count IV of the Complaint asserted a claim for "Interference with Rights under the FMLA Against Penske Truck Leasing Co., L.P."

  g. Count V of the Complaint asserted a claim for "Retaliation under the FMLA Against Penske Truck Leasing Co., L.P."

3. The FMLA, 29 U.S.C. § 2601 et seq., is a law of the United States.

4. "The plaintiff is the master of the complaint, and federal question jurisdiction is only proper if the removing party can establish one of the following: 1) a federal claim is asserted on the face of the complaint; 2) under the 'artful pleading doctrine,' federal claims were wrongly characterized as state law claims, or 3) the state law claim requires the interpretation of federal law." Escala v. Victoria's Secret Stores, LLC, 727 F. Supp. 2d 1350, 1352 (S.D. Fla. 2009) (citing Rivet v. Regions Bank, 522 U.S. 470, 475 (1988); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 807-10 (1986); Rains v. Criterion Sys. Inc., 80 F.3d 339, 343 (9th Cir. 1996)). As shown above, Plaintiff asserted federal claims on the face of his Complaint.

5. Alternatively, this is a civil action of which this Court has original jurisdiction

pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, as follows:

    a.    The matter in controversy is between citizens of different states.

        i.    Plaintiff is, and was at the commencement of this action, a citizen and resident of the State of Florida.  See Compl. ¶ 2.

        ii.    Penske is, and was at the commencement of this action, a limited liability company.  "[A] limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

        iii.    The only member of Penske, currently and at the commencement of this action, is PTL.  PTL is, and was at the commencement of this action, a limited partnership.  "[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens."  Rolling Greens, 374 F.3d at 1021.

        iv.    The only partner of PTL, currently and at the commencement of this action, is PTL GP, LLC.

        v.    The sole member of PTL GP, LLC, currently and at the commencement of this action, is LJ VP Holdings, LLC.

        vi.    The sole member of LJ VP Holdings, LLC, currently and at the commencement of this action, is Penske Truck Leasing Corporation.

        vii.    Penske Truck Leasing Corporation, currently and at the commencement of this action, is a corporation formed under the laws of the State of Delaware with its principal place of business in Reading, Pennsylvania.  It is therefore a citizen of

Delaware and Pennsylvania.  See 28 U.S.C. § 1332(c)(1).

        viii.    Consequently, (1) PTL GP, LLC, (2) LJ VP Holdings, LLC, (3) Penske, and (4) PTL are also citizens of Delaware and Pennsylvania.

        ix.    Thus, there is complete diversity between Plaintiff and Defendants.

    b.    The matter in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs.

        i.    Plaintiff's Complaint asserts claims for interference with rights and retaliation in alleged violation of the FMLA and disability discrimination in alleged violation of the Florida Civil Rights Act ("FCRA").  In it, Plaintiff seeks to recover "back pay, front pay, [and] benefits' adjustment"; "compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life"; "costs of this action, together with a reasonable attorneys' fees" [sic]; Compl. pp. 5, 7, 9-10, 12, 14-15.

        ii.    Defendants show that the facts underlying Plaintiff's claims confirm that the amount sought by Plaintiff for alleged damages exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, as a matter of law.

        iii.    Plaintiff was terminated on August 15, 2018.  Compl. ¶ 13.  His total annual compensation in 2017 was approximately $45,000.00.  Accordingly, the current value of Plaintiff's back pay claim *alone* is $33,750.00.  This does not take into account his claims for front pay ($45,000.00 per year) or employee benefits.

        iv.    In addition, the FCRA does not cap the amount of compensatory damages recoverable for mental anguish, loss of dignity, and other intangible injuries.  § 760.11(5), Fla. Stat.

        v.    Both the FCRA and FMLA permit a prevailing plaintiff to recover

4

his or her reasonable attorney's fees. See § 760.11(5), Fla. Stat.; 29 U.S.C. § 2617(a)(3). Plaintiff's claim for attorney's fees therefore should be included towards the jurisdictional limit. See Awad v. Cici Enters., No. 8:06-cv-1278-T-24TBM, 2006 WL 2850108, at *1 (M.D. Fla. Oct. 3, 2006); Brown v. Cunningham Lindsey U.S., Inc., No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005).

    vi. Thus, the matter in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs.

 6. Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, which embraces the place were such action is pending.

 7. In accordance with the requirements of 28 U.S.C. § 1446(b)(1), Defendants file this Notice of Removal within thirty (30) days after service of the Summons and Complaint upon them. The Summons and Complaint were personally served on Penske on May 2, 2019, and PTL on May 6, 2019. Because the thirtieth day after service on Penske is Saturday, June 1, 2019, pursuant to Federal Rule of Civil Procedure 6(a)(1), Defendants' deadline to remove this action is Monday, June 3, 2019.

 8. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendants attach hereto copies of all the documents that have been served upon them in this action, described as follows:

  a. Summons and Complaint served on Penske, marked as Exhibit "A."

  b. Summons and Complaint served on PTL, marked as Exhibit "B."

 9. By reason of the foregoing, Defendants desire and respectfully submit that they are entitled to have this action removed from the Circuit Court of the Seventeenth Judicial

Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, such being the district where said suit is pending.

10. A true copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, as required by law. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "C."

11. Written notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit "D," will be given to Plaintiff's counsel as required by law.

12. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, it is well grounded in fact; is warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

WHEREFORE, Defendants pray that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted,

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ Matthew T. Gomes, Esq.
MATTHEW T. GOMES
Florida Bar No. 171030
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
T. 404.876.2700
F. 404.875.9433
Attorneys for Defendants

        KYLE R. JACKSON, SR.
        Florida Bar No. 121552
        2601 S. Bayshore Drive
        Suite 1500
        Miami, FL 33133
        T. 305.455.9500
        F. 305.455.9501
        Attorneys for Defendants

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by the CM/ECF system on May 22, 2019, on all counsel or parties of record on the Service List below.

        /s/ Matthew T. Gomes, Esq.

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
ns@rgpattorneys.com
Carlos D. Serrano, Esq.
cs@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Attorneys for Plaintiff